IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| KENYORDO GRISSETT, #285369, | ) | C.A. No. 4:05-1341-TLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **WRITTEN OPINION AND** |
| THOMAS G. COOPER, CHIEF | ) | **ORDER** |
| ADMINISTRATIVE JUDGE FOR THE | ) | |
| 5TH JUDICIAL CIRCUIT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

In this *pro se* case, the plaintiff, an inmate at the Kershaw Correctional Institution of the South Carolina Department of Corrections, asserts that defendant Thomas G. Cooper, Chief Administrative Judge for the State of South Carolina's Fifth Judicial Circuit, violated his constitutional rights. In particular, the plaintiff alleges that Judge Copper has not tried and/or disposed of the plaintiff's pending criminal charges within 180 days of his arrest.

This matter now comes before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned. In his Report, Magistrate Judge Rogers recommends that this action be dismissed, without prejudice, and without issuance and service of process. As reasoned by the Magistrate Judge:

> Since the plaintiff is challenging matters pertaining to his pending criminal case, the § 1983 complaint is subject to summary dismissal because a right of action has not yet accrued. *See* Heck v. Humphrey [citation omitted]...

> ...plaintiff's remedy for a speedy trial violation lies in habeas corpus, not under 42 U.S.C. § 1983...[Likewise,] the Federal Speedy Trial Act provides

1

>    no basis for relief in the above-captioned case.
>
>    [Finally,] Judge Thomas G. Cooper is entitled to summary dismissal in the above-captioned case because he has absolute judicial immunity with respect to his judicial acts in the plaintiff's criminal case.

No objections have been filed to the Report.

This Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. As noted above, no objections have been filed to the Report. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. *See* Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

A *de novo* review of the record indicates that the Report accurately summarizes this case and the applicable law. For the reasons articulated by the Magistrate Judge, it is **ORDERED** that this case is **DISMISSED**, without prejudice, and without issuance and service of process.

**IT IS SO ORDERED.**

    s/ Terry L. Wooten
    Terry L. Wooten
    United States District Court Judge

July 26, 2005
Florence, South Carolina